El Pueblo de Puerto Rico, demandante y apelado, *v.*
Cristóbal Dávila, acusado y apelante.

Núm. 6160.—*Sometido:* Noviembre 20, 1936. *Resuelto:* Febrero 26, 1937.

M. *Guzmán Texidor*, abogado del apelante; *R. A. Gómez, Fiscal,* y
*Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Córdova Dávila emitió la opinión
del tribunal.

Cristóbal Dávila, acusado de dedicarse ilegal y volunta-
riamente al negocio de café de Puerto Rico sin exhibir en
su establecimiento el letrero o rótulo exigido por la ley, fué
declarado culpable y condenado a pagar $25 de multa o en
su defecto a extinguir un día de cárcel por cada dólar que
dejase de satisfacer.

El artículo 4 de la Ley núm. 3, de 11 de junio de 1935
((2) pág. 47), que se considera infringido, dice, en lo perti-
nente, así:

"A partir de la aprobación de esta ley, todo importador, trafi-
cante o torrefactor de café de Puerto Rico deberá fijar en su esta-
blecimiento o sitio de negocio un letrero en el que debajo del nombre
o razón social diga 'Traficante en café de Puerto Rico', según fuere
el caso."

Las infracciones a esta ley constituirán un delito menos
grave y podrán castigarse con una multa de $25 a $500, o
un día de cárcel por cada dólar de multa que se deje de sa-
tisfacer.

Formuló el acusado excepción perentoria a la acusación,
alegando que la misma no imputa delito alguno. Se arguye
que no se alega en la referida acusación que el acusado sea
importador, traficante o torrefactor de café. La corte infe-

rior declaró sin lugar la excepción perentoria. A juicio del acusado ha debido declararse con lugar la referida excepción oportunamente formulada.

Es verdad que en la denuncia no se usa la frase "traficante de café", pero se alega que el acusado se dedicaba al negocio de café de Puerto Rico.

De acuerdo con el Diccionario de la Real Academia Española, se llama traficante a la persona que trafica o comercia. *Traficar,* según el mismo diccionario, es "comerciar, negociar con el dinero y las mercaderías, comprando o vendiendo, o con otros semejantes tratos." *Negociar,* es "tratar y comerciar, comprando y vendiendo o cambiando géneros, mercaderías o valores para aumentar el caudal." *Negocio,* en una de sus acepciones, es "todo lo que es objeto o materia de una ocupación lucrativa o de interés." Y además, según el referido diccionario, *negociación* es "la utilidad o interés que se logra en lo que se trata, comercia o pretende."

La ley autoriza al Comisionado de Agricultura y Trabajo para dictar aquellas reglas y reglamentos que no sean incompatibles con los términos de la ley, para la mejor ejecución de la misma. El reglamento promulgado por el Comisionado de Agricultura y Trabajo define la palabra *traficante* del modo siguiente:

"Toda persona que por sí, o por medio de sus agentes o empleados, se dedique a la venta, cambio o permuta de café de Puerto Rico, extranjero o de Puerto Rico mezclado con café extranjero, en su establecimiento comercial o fuera de él, o en cualquier sitio separado o en conexión con el mismo, será considerado como traficante, y como tal será tenido cuando poseyere para la venta, traspasare, cambiare o expusiere dichos artículos o cualquiera de ellos, a la venta pública, bien sea en su establecimiento comercial, o en cualquier sitio separado o en conexión con el mismo o para cualquier otro objeto."

Las palabras que se incluyen en la acusación constituyen delito público, a nuestro juicio, tanto si nos atenemos a los términos claros del estatuto, como si acudimos al reglamento,

que no puede estar en conflicto con la ley. El acusado se dedicaba, según la acusación al negocio de café de Puerto Rico, sin exhibir en su establecimiento el letrero exigido por la ley. Es decir, el acusado se dedicaba a traficar con café de Puerto Rico, comprando o vendiendo el mismo, sin haber cumplido con los preceptos del estatuto. Es claro que de acuerdo con la ley un agricultor de café en Puerto Rico que vende y entrega en el establecimiento de su finca café en ella producido, aunque esté dedicado al negocio de café de Puerto Rico, no incurre en delito alguno, porque la misma ley dice expresamente que "se entenderá que no es un traficante la persona que vendiere exclusivamente el café producto de su finca." Esta excepción, que a nuestro juicio confirma la regla general y constituye una defensa, no necesita ser alegada en la acusación.

Alega además el apelante que la prueba dejó de establecer la culpabilidad del acusado fuera de toda duda razonable. Hemos examinado cuidadosamente la evidencia aportada y no creemos que la corte inferior haya incurrido, al apreciar la prueba, en un error que justifique la revocación de su fallo.

*Debe confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Travieso disintieron.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO
SEÑOR TRAVIESO

Siento tener que disentir de la opinión de mis colegas.

En este caso se procesó a Cristobal Dávila, imputándole que ilegal y voluntariamente *se dedicaba al negocio de café de Puerto Rico, sin exhibir en su establecimiento el letrero o rótulo* dispuesto por la sección 4 de la Ley núm. 3 de 11 de junio de 1935. Dicha sección, en lo pertinente, lee así:

"A partir de la aprobación de esta Ley, todo *importador, traficante o torrefactor* de café, en Puerto Rico, deberá fijar en su establecimiento o sitio de negocio, . ... un letrero . . . en el que debajo del nombre o razón social diga: . . . 'Traficante en Café de Puerto Rico,' . . . según fuere el caso."

El acusado formuló excepción perentoria a la acusación, alegando que ésta no le imputaba la comisión de delito alguno, ni tampoco el de infracción a la Ley núm. 3, supra, toda vez que no se alega en ella que el acusado sea "importador, traficante o torrefactor" de café. La corte inferior declaró la excepción sin lugar, procedió a la vista del caso y condenó al acusado. Éste interpuso el presente recurso.

La excepción perentoria estaba bien fundada. Todo acusado tiene derecho a que se le informe con precisión y claridad del delito que se le imputa. Y ese derecho fué ignorado en el caso de autos.

El propósito fundamental de la ley que se dice violó el acusado es perseguir y castigar la importación y venta de café extranjero en Puerto Rico, haciéndolo pasar como del país, engañando así al consumidor y desacreditando el producto de nuestra Isla. Es con ese fin que la ley impone al *importador,* que introduce café extranjero en la Isla; al *traficante,* que se dedica a la venta, cambio o permuta de café en Puerto Rico; y al *torrefactor* de café en Puerto Rico, la obligación de informar al público acerca de la procedencia del café que ofrece a la venta en sus establecimientos comerciales dentro de la Isla.

No se acusa al apelante de ser importador, ni tampoco torrefactor de café. Sostiene el fiscal, y con él la mayoría del tribunal, que las palabras "se dedicaba al negocio de café de Puerto Rico, sin exhibir en su establecimiento el letrero o rótulo, etc.," son suficientes para imputar al acusado la violación del estatuto, como "traficante" ilegal en café. En otras palabras, se sostiene que "dedicarse al negocio de café" y "traficar" o ser "traficante," en café, tienen idéntica significación. Y es sobre ese punto que el suscribiente se ve obligado a disentir.

No es necesario recurrir a diccionarios o textos legales para encontrar la definición de lo que se entiende por *traficante,* dentro de la ley que comentamos. El Reglamento promulgado por el Comisionado de Agricultura y Trabajo, de

acuerdo con las facultades que le confiere el artículo 12 de la Ley núm. 3 de 1935, dice:

"*Traficante.*—Toda persona que por sí, o por medio de sus agentes o empleados, se dedique a la venta, cambio o permuta de café de Puerto Rico, extranjero o de Puerto Rico o mezclado con café extranjero, en su establecimiento comercial o fuera de él, o en cualquier sitio separado o en conexión con el mismo, será considerado como traficante, y como tal será tenido cuando poseyere para la venta, traspasare, cambiare, o expusiere dichos artículos o cualquiera de ellos, a la venta pública, bien sea en su establecimiento comercial, o en cualquier sitio separado o en conexión con el mismo o para cualquier otro objeto."

De acuerdo con la anterior definición, una acusación que dijera que el acusado se dedicaba a "vender," o a "cambiar," o a "permutar" café, de Puerto Rico o extranjero, dentro de su establecimiento comercial o fuera del mismo; o que alegara que el acusado poseía para la venta, o que traspasó, cambió o expuso café a la venta pública, en su establecimiento comercial, sin fijar el rótulo requerido por la ley, indudablemente sería suficiente para informar al acusado de que se le imputaba ser un "traficante" ilegal o de estar traficando ilegalmente en café en Puerto Rico.

Se ve, pues, que lo que la ley persigue es el *tráfico* ilegal, y que la misma ley entiende que *traficar* en café es vender, cambiar, permutar, poseer para la venta, traspasar o exponer el café a la venta pública.

Las palabras "se dedicaba al negocio de café en Puerto Rico," que se emplean en la acusación para describir el delito que se imputa al acusado, no implican necesariamente la comisión de ninguno de los actos que, de acuerdo con la ley que se discute, constituirían un *tráfico ilegal* o convertirían al acusado en un "traficante" obligado a cumplir con los requisitos de dicha ley. Esas mismas palabras pueden usarse para describir situaciones o hechos que están fuera de los fines o del alcance de la ley. Es indudable que un agricultor de café en Puerto Rico, que vende y entrega en el estableci-

miento de su finca el café en ella producido, está dedicado al negocio de café en Puerto Rico; y otro tanto puede decirse del comerciante que compra a nuestro agricultor el café que éste ha producido en su finca, para exportarlo a los mercados extranjeros. A uno y a otro podría acusárseles de estar "dedicados al negocio de café en Puerto Rico," porque es indudable que el agricultor, al vender su café en el establecimiento industrial de su finca y el "exportador" de café, al comprarlo, realizan un negocio. Pero no podría sostenerse la acusación, toda vez que ni el "productor," ni el "exportador," ni el "comprador" de café están obligados a fijar el letrero o rótulo que requiere la ley.

La acusación formulada contra el apelante no describe delito alguno y por esa razón la corte inferior erró al declarar sin lugar la excepción perentoria.

Y no puede alegarse en este caso que las deficiencias de la denuncia han sido subsanadas por la evidencia, pues el acusado impugnó a su debido tiempo la acusación.

Estoy autorizado por el Juez Wolf para consignar aquí que está conforme con esta opinión.

Debe revocarse la sentencia apelada.